2008 ME 85

**CAMDEN NATIONAL BANK**

v.

**William M. PETERSON.**

Supreme Judicial Court of Maine.

Submitted On Briefs: April 2, 2008.

Decided: May 20, 2008.

George T. Dilworth, Esq., M. Katherine Lynch, Esq., McCloskey, Mina & Cunniff, LLC, Portland, ME, for William M. Peterson.

Michael S. Haenn, Esq., Bangor, ME, for Camden National Bank.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1]   William M. Peterson appeals from a summary judgment entered in the District Court (Wiscasset, *Tucker, J.*) in the foreclosure proceeding brought against him by Union Trust Company, the predecessor in interest to Camden National Bank.   Peterson argues that (1) because the court (*Mullen, J.*) erred in granting the bank's motion to enlarge time to respond to Peterson's cross-motion for summary judgment, the bank's late filed opposition to summary judgment should have been disregarded, and (2) the court (*Tucker, J.*) erred in determining that there was no genuine issue of material fact regarding the adequacy of the bank's notice of default and the right to cure.   *See* 14 M.R.S. § 6111 (2007).   The bank contends that the appeal is interlocutory because the court has not yet determined the amount of attorney fees.   We conclude that the appeal is from a final judgment and that the court did not abuse its discretion in granting the enlargement of time.   However, there exists a genuine issue of disputed material fact as to the adequacy of the notice provided to Peterson.   We therefore vacate the entry of summary judgment and remand the matter to the District Court.

## I.  BACKGROUND

[¶ 2]   In October 2006, the bank filed a complaint for foreclosure against William M. Peterson alleging that he had defaulted in payment on his mortgage note secured by property on Jones Point Road in South Bristol.   Acting without counsel, Peterson filed an answer to the complaint.   The bank then filed a motion for summary judgment accompanied by a statement of material facts and the affidavit of the bank's chief credit administrator.   The statement of material facts did not include any assertions regarding the bank's provi-

sion of written notice of default and the right to cure as required by law. *See* 14 M.R.S. § 6111.

[¶ 3] Peterson retained counsel and moved for leave to file an amended answer to add affirmative defenses, including affirmative defenses alleging the bank's failure to provide proper notice of default and the right to cure. The court (*Mullen, J.*) granted the unopposed motion.

[¶ 4] Peterson filed his opposition to the bank's motion for summary judgment, an opposing statement of material facts, a cross-motion for summary judgment, and a single document to serve as a statement of additional facts in opposition to the bank's motion for summary judgment and a statement of material facts in support of Peterson's cross-motion for summary judgment. In the statement of additional facts, Peterson asserted that he had not received any notice of default or the opportunity to cure any alleged default. In support, he referred to and attached his own affidavit averring the following:

17. Aside from bank statements, the Complaint was the first and only communication that I have received from [the bank] since August 2006.

18. At no point between August 2006 and mid-November 2006, did [the bank] notify me to state that it believed I was in default.

19. At no time did [the bank] offer me an opportunity to cure any alleged default.

[¶ 5] Twenty-eight days after Peterson filed his cross-motion for summary judgment, the bank moved to enlarge time to respond to Peterson's motion. It did so without stating any particular grounds. Peterson opposed the motion to enlarge, arguing that the motion to enlarge was untimely and that the bank had not shown

excusable neglect, citing M.R. Civ. P. 6(b). The court granted the motion to enlarge without making any comment on the record.

[¶ 6] The bank's objection to Peterson's cross-motion for summary judgment contained a memorandum in opposition and an opposing statement of material facts. In its opposing statement, the bank denied Peterson's assertions that he had not received notice. In support, it cited the following subparagraph of the affidavit of its collections officer:

(e) On September 1, 2006 the letter attached hereto as Exhibit B was mailed to Mr. Peterson by certificate of mailing. Mr. Peterson did not cure the payment default described in the letter. Additionally, the letter was not returned to the Bank by the United States Postal Service.

Although the certificate of mailing was mentioned in the affidavit, neither the original nor a copy of that certificate accompanied the affidavit or statement of facts.

[¶ 7] Months later, after further discovery, and separate from the summary judgment process, the bank filed transcripts of three depositions with the court. One transcript was from the bank's collections officer. Attached as an exhibit to this transcript was a copy of a United States Postal Service form maintained by the collections officer and stamped by the Postal Service in Ellsworth on September 1, 2006, stating that a letter was mailed to Peterson on that date. The other deposition transcripts were those of Peterson and the bank's chief credit administrator.

[¶ 8] Both parties then filed supplemental memoranda regarding the pending motions for summary judgment.[1] Al-

---

1. The bank filed its motion for summary judg-    ment on December 13, 2006, and the last

though the bank's memorandum referred to Peterson's deposition transcript, only Peterson filed an amended statement of material facts that addressed facts that came to light through depositions. In his amended statement of material facts, he emphasized that the bank had failed to refer to or attach a certificate of mailing in connection with its opposing statement of material facts or its supplemental memorandum. He also stated that the collections officer was unfamiliar with the process for obtaining a certificate of mailing and that the bank does not obtain individual receipts when sending notices. In support, Peterson referred to the deposition of the collections officer himself, who stated that he did not obtain individual receipts when sending out notices of default and the right to cure and who stated, when asked if he was familiar with the process for obtaining a certificate of mailing: "I use the logbook."

[¶ 9] The court (*Tucker, J.*) granted the bank's motion for summary judgment. It concluded that the mortgage contract's provisions complied with 14 M.R.S. § 6111, that the bank had provided notice, and that Peterson failed to assert any conduct that would demonstrate that he had cured the default within thirty days.

[¶ 10] In ruling on the motion for summary judgment, the court relied on items that were not cited in the bank's or Peterson's statements of material facts. Specifically, the court relied on uncited portions of the depositions of the bank's chief credit administrator and collections officer as well as the logbook exhibit attached to the collections officer's deposition. The court concluded that the logbook entry was "suf-ficient to meet the certificate of mailing terms" identified in 14 M.R.S. § 6111(3)(B).

[¶ 11] Peterson timely appealed from this judgment. The bank moved to dismiss Peterson's appeal as interlocutory, and we ordered that the issues raised by the motion would be considered in conjunction with the merits of the appeal. Camden National Bank was then substituted as the plaintiff as Union Trust Company's successor in interest.

## II. DISCUSSION

### A. Final Judgment Rule

■ [¶ 12] We first address the bank's contention that this appeal should be dismissed as interlocutory because the court has not yet calculated attorney fees pursuant to 14 M.R.S. § 6322 (2007).

■ [¶ 13] "Only final judgments are subject to appellate review." *Griswold v. Town of Denmark*, 2007 ME 93, ¶ 16, 927 A.2d 410, 416. Rule 54(b) of the Maine Rules of Civil Procedure provides, however, that attorney fees may be determined *after* the final disposition of a case on appeal unless the trial or motion court finds that the claim for attorney fees is "integral to the relief sought":

(2) In an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims *unless the court expressly finds that the claim for attorney fees is integral to the relief sought.* If the court so finds, any order or other form of decision, however designated, shall not terminate the action as to any claim and is subject to revision at any time

---

opposing statement of material facts was filed on February 21, 2007. The parties did not file these supplemental memoranda until July 23, 2007. We note that such an extended process on a summary judgment motion does not serve the parties well. If further discovery is required to establish facts necessary to support summary judgment, the motion for summary judgment should be deferred until after that discovery.

before the entry of a final judgment adjudicating all claims including that for attorney fees.

(3) When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed. If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action. An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits.

(Emphasis added.)

[¶ 14] Here, the court did not expressly find that an award of attorney fees was "integral to the relief sought," as required by M.R. Civ. P. 54(b)(2). Further, although the foreclosure statute requires the court to determine the amount of attorney fees, the statute does not anticipate that the judgment of foreclosure will remain interlocutory for purposes of appeal until the resolution of attorney fees. 14 M.R.S. § 6322. Absent any finding on the part of the motion court that the award of attorney fees in this case was integral to the relief sought, and absent any statutory requirement that attorney fees be fixed before appeal, we conclude that the judgment of foreclosure was a final judgment for purposes of appeal and that this appeal is properly before us.

B. Timeliness of Opposition to Summary Judgment

[¶ 15] Peterson argues that the court (*Mullen, J.*) erred as a matter of law by granting the bank's late-filed motion to enlarge time to oppose his cross-motion for summary judgment without requiring an express showing of excusable neglect. Because of this error, Peterson argues, the bank's opposition to his cross-motion for summary judgment was untimely, and he was entitled to summary judgment based on the bank's failure to provide notice.

[¶ 16] When a party moves for enlargement of time after the time for filing a pleading has expired, Rule 6(b) of the Maine Rules of Civil Procedure requires a showing of excusable neglect for that party to obtain the enlargement of time. "Determinations of excusable neglect are reviewed for errors of law or an abuse of discretion." *Dyer Goodall & Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123, 1127.

[¶ 17] The bank filed its motion for enlargement of time twenty-eight days after Peterson filed his cross-motion for summary judgment. By rule, a response was due within twenty-one days after the filing of the motion. M.R. Civ. P. 7(c)(2). Because the motion for enlargement was filed outside the time during which the responsive pleading was required, the motion could only be granted upon a showing of excusable neglect. *See* M.R. Civ. P. 6(b).

[¶ 18] The determination of excusable neglect is within the sound discretion of the trial court. *See Sevigny v. City of Biddeford*, 344 A.2d 34, 38 (Me. 1975). Here, neither the reasons for the bank's delay nor the court's findings related to excusable neglect are available on the record before us, and Peterson did not ask the court to articulate its findings. What we can determine from the record is that there was only a seven-day delay in filing the motion for enlargement, and this brief delay followed several other delays occasioned by Peterson's motions for enlargement of time, which the bank did not

oppose, and which the court liberally granted.

[¶ 19] We decline to create a hard and fast rule as to the necessary written contents of a motion to extend and thus reject Peterson's argument that the court erred as a matter of law. In the absence of a record demonstrating any other facts that formed the basis of the court's ruling, we assume that the court acted within its discretion in granting the motion to enlarge.

C. Summary Judgment

[¶ 20] Finally, Peterson argues that there is a genuine issue of material fact regarding whether the bank provided him proper notice pursuant to 14 M.R.S. § 6111. He contends that, because he asserted that he did not receive notice and the bank countered that it had mailed him notice by certificate of mailing, there is a genuine dispute of a material fact. Peterson also contends that the bank failed, in its statements of material facts, to refer to or attach the certificate of mailing as required by 14 M.R.S. § 6111(3)(B). It is this latter omission that leads to our determination that the summary judgment must be vacated.

[¶ 21] For a mortgagee to legally foreclose, all steps mandated by statute must be strictly performed. *KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 36, 758 A.2d 528, 537. At issue here is the bank's compliance with the statutory written notice requirements for foreclosure. Pursuant to the applicable statute, notice can be accomplished in several ways. *See* 14 M.R.S. § 6111(3). Relevant here are two methods that may be used to achieve service by ordinary first class mail. *See* 14 M.R.S. § 6111(3)(B). First, the statute acknowledges that actual receipt of the written notice by the mortgagor constitutes notice. *Id.* Second, the statute deems notice to have been given three days after

mailing if the mortgagee obtains a post office department certificate of mailing. *Id.* The certificate of mailing then becomes the conclusive proof of the mortgagor's receipt of notice:

> 3. **Notice procedure.** A mortgagee shall provide notice to a mortgagor and any cosigner under this section to the last known addresses of the mortgagor and cosigner by:
>
> . . . .
>
> **B.** Ordinary first class mail, postage prepaid. For the purposes of this paragraph, the time when the notice is given to the mortgagor or cosigner is the date when the mortgagor or cosigner receives that notice. *A post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt* on the 3rd calendar day after mailing.

14 M.R.S. § 6111 (emphasis added). According to the United States Postal Service, a certificate of mailing is "a receipt that provides evidence of the date that your mail was presented to the Postal Service for mailing. It can only be purchased at the time of mailing . . . . [and is] the only official record available." Certificate of Mailing, http://www.usps.com/send/waystosendmail/extraservices/certificate-ofmailingservice.htm (last visited May 7, 2008). The Postal Service has a specific form for this purpose. Postal Service Form 3817 (April 2007).

[¶ 22] In his statements of material facts and supporting affidavit, Peterson asserts that he did not receive notice from the bank. For purposes of summary judgment, that averment is sufficient to defeat foreclosure unless the bank raises a dispute by presenting facts to prove that either (1) Peterson did actually receive the notice, or (2) the bank did, in fact, accomplish notice by mail as demonstrated by a

post office certificate of mailing. *See* 14 M.R.S. § 6111(3)(B).

[¶ 23] In its opposing statement of material facts, the bank summarily denied Peterson's assertions that the bank had not given, and he had not received, notice of default and the right to cure. In the statement, the bank cited the subparagraph of the collections officer's affidavit in which the collections officer stated that he had sent a letter providing the requisite notice "by certificate of mailing," and that the letter was not returned by the United States Postal Service. In the cited portion of the affidavit, the collections officer referred to an attached copy of the letter providing notice. He did not, however, attach a certificate of mailing. Nor did he aver that the bank had obtained such a certificate.

[¶ 24] In response to these assertions, Peterson filed an amended statement of material facts asserting that the bank does not obtain individual receipts when sending its notices of default and the right to cure. In support, Peterson offered the deposition testimony of the bank's own collections officer stating that he does not obtain individual receipts but instead uses a logbook.

[¶ 25] Because a certificate of mailing constitutes "conclusive" evidence of notice pursuant to section 6111(3)(B), the bank argues that its collections officer's assertion that he had sent notice by certificate of mailing eliminates any dispute regarding service. We reject that argument. Although the collections officer's assertion that he sent notice through certificate of mailing raises an issue of fact on that issue, it cannot be conclusive at summary judgment without a copy of the certificate itself.

[¶ 26] We next address whether the bank did eventually add the collections officer's logbook excerpt to the record and whether the evidence of the logbook is sufficient to establish notice by certificate of mailing. For two reasons, we conclude that the logbook evidence did not support the entry of summary judgment for the bank. First, the bank did not incorporate the logbook evidence into the summary judgment record using the method required by Rule 56. *See Quirion v. Geroux,* 2008 ME 41, ¶ 9, 942 A.2d 670, 673 (stating that a court may consider only the M.R. Civ. P. 56(h) statements and the record evidence to which they refer in ruling on a motion for summary judgment). Rather, the bank submitted entire deposition transcripts to the court months after it filed its statement of material facts. Because the court, in ruling on the motions for summary judgment in this foreclosure proceeding, was neither required nor permitted to search outside the facts properly referenced in the statements of material facts, the later filed deposition testimony and attached exhibit should have been disregarded, and the court erred in relying on documents submitted outside of the Rules 56 process. *See Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 9, 770 A.2d 653, 656. Accordingly, neither we nor the motion court can rest summary judgment on the bank's improperly offered evidence of mailing.

[¶ 27] Second, it is not evident that the logbook entry constitutes a certificate of mailing. A certificate of mailing establishing the date when mail was sent must be purchased from the United States Postal Service at the time of mailing. *See* Certificate of Mailing, http://www.usps. com/send/waystosendmail/extraservices/ certificateofmailingservice.htm (last visited May 7, 2008). The logbook page, referred to by the Postal Service as a Firm Mailing Book for Accountable Mail, states that a stamp must be affixed "[i]f issued as a

certificate of mailing." *See* Postal Service Form 3877 (February 2002). The page submitted at the collections officer's deposition is stamped and a fee is noted on the page in addition to postage, but it is not evident on its face that that fee was paid for purposes of obtaining a certificate of mailing. Without properly submitted evidence regarding the preparation and purpose of the form, summary judgment is inappropriate.

[¶ 28] In these circumstances, we conclude that there is a genuine issue of material fact regarding whether the bank gave proper notice by means of either of the methods prescribed by section 6111(3)(B). The parties dispute whether Peterson actually received notice, and because the bank failed to provide the type of document from which notice could be demonstrated conclusively according to statute, there is a dispute of fact regarding whether notice was achieved by either of the means permitted pursuant to section 6111(3)(B).

[¶ 29] We note that, notwithstanding the collection officer's averment in his affidavit that he sent the notice by certificate of mailing, his deposition testimony, cited in Peterson's amended statement of material facts, suggests that the bank may not actually have used that process and may not be able to provide a certificate of mailing or establish that Peterson actually received the notice. Thus, it is likely that a fact-finder will have to determine after a hearing whether notice was given by either method provided in section 6111(3)(B). This situation underscores the importance of applying summary judgment rules strictly in the context of residential mortgage foreclosures. *See Sargent,* 2000 ME 153, ¶ 36, 758 A.2d at 537 (requiring that foreclosing mortgagees comply strictly with the foreclosure statutes); *Quirion,* 2008 ME 41, ¶ 9, 942 A.2d at 673 (requir-ing that parties explicitly refer to any evidence they wish the summary judgment court to consider in their statements of material facts pursuant to Rule 56). Because a genuine issue of material fact regarding notice remains, we vacate the entry of summary judgment.

The entry is:

Summary judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.