STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO: CV-08-040

CIT GROUP/CONSUMER FINANCE

                    Plaintiff,
                                          **ORDER**
        v.

JOSEPH BERNIER,
and
IVY BERNIER,

                    Defendants,

AMANDA BERNIER,

                    Party-In-Interest.


        Before this Court is Plaintiff CIT Group/Consumer Finance's (CIT)

Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

                            **BACKGROUND**

        CIT has brought an action in foreclosure against Defendants Joseph and

Ivy Bernier (Berniers) pursuant to 14 M.R.S.A. §§ 6321-6325 for the Berniers'

alleged default on an adjustable rate note executed and delivered to "MRS

Mortgage Electronic Registration Systems, Inc. (MRS) on or about May 31, 2007

in the amount of $223,600.00 (Note).  The Note was secured by a mortgage deed

to Defendant's residential property located at 83 Verrill Road, Pownal, Maine

(Property).  Amanda Bernier is a Party-in-Interest by virtue of a quit claim deed

dated May 31, 2007.

        CIT claims that as of August 1, 2007 the Berniers are in default of the Note.

CIT further claims that notice to cure was sent by certified mail, return receipt

requested on January 16, 2008 and that the Berniers have failed to cure the default.

The Berniers have responded to this action by way of a letter dated March 5, 2008 (which was sent again to the Court on April 7, 2008) requesting an extension of time in which to "rectify this situation." There has been no other response from the Berniers to this action.

## DISCUSSION

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶4, 770 A.2d 653, 655. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶6, 750 A.2d 573, 575. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, are deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4).

In support of a motion for summary judgment, the moving party must include a statement of material facts, and each such fact must contain a reference to the record supporting that fact. M.R. Civ. P. 56(h)(1); *see also Levine*, 2001 ME 77, ¶6, 770 A.2d at 656. The parties may file affidavits in support of or in opposition to a summary judgment motion, but pursuant to Rule 56(e), an affidavit must "set forth such facts as would be admissible in evidence." M.R. Civ. P. 56(e). "Sworn to or certified copies" of any documents referred to in an affidavit must be included with it. *Id.*

This case was originally scheduled for hearing in May 2008. At that time the Berniers had failed to properly oppose CIT's motion for summary judgment.

Their sole response was two letters requesting more time to facilitate a short sale with CIT to avoid foreclosure. However, at the time of filing summary judgment, CIT had failed to provide any documentary evidence that it was the owner of the loan. Indeed, CIT conceded at that time that there was not yet a recorded assignment of the Note.[1]

Since that time CIT has filed an assignment of the mortgage and requested that it be attached to the complaint as Exhibit D. The Court is neither required nor permitted to consider this at summary judgment.[2] *See Camden National Bank v. Peterson*, 2008 ME 85, ¶ 26, 948 A.2d 1251. Accordingly, summary judgment is denied.

---

[1] "A party who moves for summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Levine v. R.B.K. Caly Corp.*, 2001 Me. 77, ¶4, 750 A.2d 653, 655.

[2] The Law Court has required that we not consider evidence not properly put forth in the summary judgment record:

> Because the court, in ruling on the motions for summary judgment in this foreclosure proceeding, was neither required nor permitted to search outside the facts properly referenced in the statements of material facts, the later filed deposition testimony and attached exhibit should have been disregarded, and the court erred in relying on documents submitted outside the Rules 56 process.

*Id. (citing Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653, 656).

3

**Therefore, the entry is:**

Defendant's Motion for Summary Judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _29th_ day of _July_, 2008.

Roland A. Cole
Justice, Superior Court

4

COURTS
nd County
ox 287
ıe 04112-0287

JAMES AUDIFFRED ESQ
PO BOX 1005
SACO ME 04072

*plaintiff*

COURTS
nd County
ox 287
ıe 04112-0287

JOSEPH AND IVY BERNIER
71 CURTIS ROAD
FREEPORT ME 04032

*Defendants*