STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   Docket No. RE-13-0043
                                                  JAW - CUM - 12/13/2013

MAINE STATE HOUSING
AUTHORITY,
                                Plaintiff

                                                  **ORDER ON MOTION**
        v.                                        **FOR SUMMARY JUDGMENT**

JASON M. SPARKS,
                                Defendant

Before the court is a motion by plaintiff Maine State Housing Authority for

summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et

seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j). [1] The court is independently required to determine if those

requirements have been met and is also required to determine whether the mortgage

holder has set forth in its Statement of Material Facts the acts necessary for summary

judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009

ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary

judgment of foreclosure have not been met for the following reasons:

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
> No summary judgment shall be entered in a foreclosure action filed pursuant to
> Title 14, Chapter 713 of the Maine Revised Statutes except after review by the
> court and determination that (i) the service and notice requirements of 14 M.R.S. §
> 6111 and these rules have been strictly performed; (ii) the plaintiff has properly
> certified proof of ownership of the mortgage note and produced evidence of the
> mortgage note, the mortgage, and all assignments and endorsements of the
> mortgage note and the mortgage; and (iii) mediation, when required, has been
> completed or has been waived or the defendant, after proper service and notice,
> has failed to appear or respond and has been defaulted or is subject to default.

First, the plaintiff failed to provide adequate evidence of the defendant's default on the mortgage note. 14 M.R.S. § 6321; *Chase Home Fin.* 2009 ME 136, ¶ 11, 985 A.2d 508. The plaintiff asserts in the Statement of Material Facts that the defendant "failed to make payments on [the] Note beginning with payment due on July 1, 2012," citing to paragraph thirteen of Gavin Robinson's Affidavit ("Robinson Affidavit"). (Pl.'s S.M.F. ¶ 7.) The Robinson Affidavit refers to a Loan Inquiry document, which is attached as Exhibit F. (Robinson Aff. ¶ 13.) The Loan Inquiry bears a date of August 7, 2013, and it appears to be created in anticipation of litigation and not near the time of the default. (Robinson Aff. Ex. F.) Therefore, the document does not appear to meet the foundational requirements of M.R. Evid. 803(6). *See HSBC Mortgage Servs., Inc. v. Murphy,* 2011 ME 59, ¶ 17, 19 A.3d 815; (Robinson Aff. Ex. F).

Additionally, the plaintiff does not provide "evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements." *Chase Home Fin.* 2009 ME 136, ¶ 11, 985 A.2d 508; *see* 14 M.R.S. § 6111(3). According to statute, the plaintiff must provide notice of default and the mortgagor's right to cure to the mortgagor and any cosigner by either certified mail with return receipt requested or by ordinary first class mail, postage prepaid. 14 M.R.S. § 6111(3). If sent by ordinary first class mail, a "certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 3rd calendar day after mailing." 14 M.R.S. § 6111(3)(B); *Camden Nat'l Bank v. Peterson,* 2008 ME 85, ¶¶21, 25, 27, 948 A.2d 1251. Here, it is not evident on the face of the plaintiff's "certificate of mailing" form[2] that the fee indicated on the form was paid for the purposes of obtaining a certificate of mailing. *Camden Nat'l Bank,* 2008 ME 85, ¶¶25-27, 948 A.2d 1251; (Pl.'s S.M.F. ¶ 10; Robinson Aff. ¶ 11; Robinson Aff. Ex.

---

[2] The "certificate of mailing" form provided by the plaintiff is not an official United States Postal Service form. (Robinson Aff. Ex. D.)

2

D). Therefore, summary judgment is inappropriate. *Camden Nat'l Bank*, 2008 ME 85, ¶ 27, 948 A.2d 1251.

The court also has a concern regarding the plaintiff's Draft Judgment. The Draft Judgment states that plaintiff's claim for attorney's fees is "integral to the relief sought." (Pl.'s Draft J. 2.) Rule 54(b)(2) provides:

> In an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims unless the court expressly finds that the claim for attorney fees is integral to the relief sought. If the court so finds, any order or other form of decision, however designated, shall not terminate the action as to any claim and is subject to revision at any time before the entry of a final judgment adjudicating all claims including that for attorney fees.

M.R. Civ. P. 54(b)(2). The plaintiff cannot therefore ask that the court find the attorney's fees integral to the relief sought and also ask that the court enter a final judgment.

The entry shall be:

Plaintiff may submit further evidence and documentation by affidavit and additional Rule 56(h) statement within 30 days of entry of this order. If nothing further is received, the Motion will be denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __12/13/13__

Hon. Joyce A. Wheeler
Justice, Superior Court


MSHA-David Jones Esq/Loraine Hite Esq
Sparks-Pro Se

3