STATE OF MAINE
CUMBERLAND, ss

BIDDEFORD SAVINGS
BANK,

Plaintiff

v.

MICHAEL J. MORRISSEY and
KRISTIN A. MORRISSEY,

Defendants

and

TD BANK, N.A.,

Party-in-Interest

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-0168
*NM-CUM - 12/19/2013*

ORDER ON MOTION FOR
SUMMARY JUDGMENT

Before the court is plaintiff Biddeford Savings Bank's motion for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. (2012). No opposition to the motion has been filed. For the following reasons, the motion is denied.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is required independently to determine if those requirements have been met and to determine whether the mortgage holder

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

has set forth in its statement of material facts the facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met. The plaintiff has not provided "evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements." Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508; see 14 M.R.S. § 6111 (2012). According to section 6111, a mortgagee must provide notice to the mortgagor and any cosigner by either certified mail, return receipt requested, or ordinary first class mail, postage prepaid. 14 M.R.S. § 6111(3). If notice is sent by ordinary first-class mail, a "post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 3rd calendar day after mailing." 14 M.R.S. § 6111(3)(B). The plaintiff asserts that the right to cure notice complied with 14 M.R.S. § 6111. The plaintiff did not, however, provide a valid certificate of mailing. (Pl.'s S.M.F. ¶ 8; Gagne Aff. ¶ 7.) In her affidavit, Ms. Gagne relies on an official United States Postal Service form. This form is not sufficient proof of compliance with section 6111 and does not support the alleged facts in paragraph seven of the affidavit. See Camden Nat. Bank v. Peterson, 2008 ME 85, ¶ 27, 948 A.2d 1251; (Gagne Aff. ¶ 7; Ex. E).

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: /2·/9./3

Nancy Mills
Justice, Superior Court

2

STEPHANIE WILLIAMS ESQ
PERKINS THOMPSON
PO BOX 426
PORTLAND ME 04112-0426

DAVID STEARNS ESQ
AINSWORTH THELIN
PO BOX 2412
SOUTH PORTLAND ME 04116

MICHAEL MORRISSEY
KRISTEN MORRISSEY
5842 EAST PARKWAY
YUMA AZ 85365-1151