STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-0358

*DW-CUM- 2/24/2014*

MIDFIRST BANK,

           Plaintiff

    v.

KATHERINE N. SUTTON,

           Defendant

and

BENEFICIAL MAINE, INC.,

           Party-in-Interest

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

Before the court is a motion by plaintiff MidFirst Bank for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its Statement of Material Facts the acts necessary for summary

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

    No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that at least one requirement for a summary judgment of foreclosure has not been met for the following reason:

The plaintiff has not provided "evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements." *Chase Home Fin.*, 2009 ME 136, ¶ 11; 985 A.2d 508; *see* 14 M.R.S. § 6111; *Camden Nat. Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251. According to statute, a mortgagee must provide notice to the mortgagor and any cosigner by either certified mail, return receipt requested or ordinary first class mail, postage prepaid. 14 M.R.S. § 6111(3). If sent by ordinary first-class mail, a "post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 3rd calendar day after mailing." 14 M.R.S. § 6111(3)(B). The plaintiff asserts that it sent the notice to the defendant "via U.S. Mail, first-class, postage prepaid" in conformity with the requirements of 14 M.R.S. § 6111; however, the plaintiff did not provide the court with a valid certificate of mailing. (Pl.'s S.M.F. ¶¶ 8-9; Kinders Aff. ¶ 8, Ex. E.) . This is true even though the Kinders Affidavit (¶ 8) asserts that a true copy of the notice of default "with evidence of mailing" is attached. No evidence of mailing is attached in the court's file, and absent evidence of mailing, any assertion by Mr. Kinders that the notice was mailed is hearsay.

As the Law Court has stated that a plaintiff's assertion that notice was sent by first-class mail in conformity with the statute "cannot be conclusive at summary judgment without a copy of the certificate [of mailing] itself," the court cannot grant summary judgment here. *Camden Nat. Bank*, 2008 ME 85, ¶ 25, 948 A.2d 1251. It may be possible to prove by other means that the notice of default was sent but MidFirst has not done so in this case.

2

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 24 Feb 2014

Thomas D. Warren
Justice, Superior Court

3

BENEFICIAL MAINE INC  -Party·in·Interest
c/o CT CORPORATION S    EM
ONE PORTLAND SQUARE
PORTLAND, ME 04101

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

PETER L HATEM, ESQ   Def. Attorney
258 US ROUTE ONE
SCARBOROUGH, ME 04074-8904

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DAVID E STEARNS, ESQ   Pltf. Attorney
AINSWORTH THELIN & RAFTICE PA
PO BOX 2412
SOUTH PORTLAND, ME 04116-2412