STATE OF MAINE
FRANKLIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-19-03

MAINE STATE HOUSING AUTHORITY,
Plaintiff

v.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THOMAS P. SULLIVAN et.al.,
Defendants

This matter was brought to the attention of the undersigned on August 7, 2019 with respect to the Plaintiff's Motion for Summary Judgment filed the same day. The Defendants have not responded to the motion. After reviewing the file in its entirety, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Judgment of Foreclosure** attached hereto and incorporated by reference herein is based:

**I. Background:**

1. This is a foreclosure action. In 2010, Defendants Thomas Sullivan and Reana LeCours made and delivered to Regency Mortgage Corp. a fixed rate Note, dated June 28, 2010, in consideration for a loan. The Note was in the principal amount of $86,734.00. In order to execute the Note, Defendants put up their home, located at 54 Swamp Road, Temple, ME, as collateral.

2. The Mortgage Deed was recorded on June 30, 2010. Shortly thereafter, Regency assigned the Mortgage to the Maine State Housing Authority (MSHA), and by extension, Mortgage Servicing Solutions (MSS), as MSHA and MSS executed two Powers of Attorney to cover MSHA's Mortgages.

3. Although the Defendants made payments on the note until the end of 2018 (missing a number of payments along the way), they stopped making payments after December 18, 2018, thereby defaulting on their loan, and in breach of the Mortgage.

4. As a result, the acceleration clause came into affect, and all amounts due under the terms of the Note are now due. MSHA, by and through MSS, sent Sullivan and LeCours notice of the their default, dated February 20, 2019.

5. As of July 16, 2019, Defendants owe Plaintiff $78,699.49 ($73,673.45 being the remaining principal and the rest interest and attorneys fees).

6. Sullivan was served in-hand by the Franklin County Sheriff's Office on April 23, 2019, while LeCours was served through her mother, who resides with LeCours, also by the Franklin County Sheriff's Office the same day.

7. Sullivan did not timely respond and was thus in default, while LeCours did respond, seeking mediation.[1] This Court, however, granted the Plaintiff's Motion to Terminate Mediation on June 10, 2019, meaning those parties never ended up mediating.[2] There are currently no other proceedings for possession of the Real Property.

## II. Standard of Review:

8. Because this is a foreclosure action, there is a particular standard for summary judgment that the Plaintiff, MSHA, must satisfy in order to have their motion granted. Thus, although there still must be a genuine issue of material fact in order to preclude the Court granting the motion, *see Curtis v. Porter*, 2001 ME 158, ¶¶ 6,7, 784 A.2d 18, there is a much more specific list of elements to consider.

9. Specifically, the Maine Rules of Civil Procedure state

> Foreclosure Actions. No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default. In actions in which mediation is mandatory, has not been waived, and the defendant has appeared, the defendant's opposition pursuant to Rule 56(c) to a motion for summary judgment shall not be due any sooner than ten (10) days following the filing of the mediator's report.

M.R. Civ. P. 56(j).

---

[1] Ms. Sullivan (Lecours) took the position that because her then-husband was awarded the property in question along with the debt pursuant to their Divorce Judgment dated 12/3/13, she could not be held responsible for any debt associated with the property, including the Note. Sadly, she was mistaken.

[2] The motion was granted because neither party was residing in the subject premises.

10. The Law Court has recently heard a number of cases dealing with motions for summary judgment in the foreclosure context, and has clarified and expanded this list, so that there are now a number of elements that the foreclosing plaintiff must satisfy in order to prevail on a 56(j) motion for summary judgment. The Law Court set forth the following list of elements:

> (1) The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;
>
> (2) Properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
>
> (3) A breach of condition in the mortgage;
>
> (4) The amount due on the mortgage note, including any reasonable attorney fees and court costs;
>
> (5) The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;
>
> (6) Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;
>
> (7) After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and
>
> (8) If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*HSBC Mortg. Servs., Inc. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508; *see also Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251 (stating that a party seeking foreclosure must comply strictly with all steps required by statute).

11. The Law Court has also emphasized that such facts must appear in the Plaintiff's Statement of Material Facts on summary judgment, and that Plaintiff's assertions must be supported by record references to evidence that is of a sufficient quality that it would be admissible at trial. *See HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815; *see also* M.R. Civ. P. 56(h)(1), (4) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties'

separate statement of facts."); *Gabay*, 2011 ME 101, ¶ 17 ("Our statement that we will not, and trial courts should not, independently search a record to find evidence to support a party's claim when that claim is insufficiently referenced in that party's statement of material facts is no mere technicality to make summary judgment practice more difficult.").

12. Finally, although the defendants have not filed responsive briefs to MSHA's motion, the foreclosure context means this does not change the undersigned's standard of review. *See Suntrust Mortg. v. Adler*, CV No. RE-2009-133, 2011 Me. Super. LEXIS 90, at *3,4 (May 13, 2011) ("Regardless of whether the defendant has filed an objection, however, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j). The court has an independent obligation to ensure compliance with this rule.").

13. Thus, the outcome is determined by whether MSHA and MSS have properly laid out the necessary facts in the Statement of Material Facts, and whether those assertions are properly supported by record citations. Because of the emphasis on record citations, the undersigned will include citations to both the numbered paragraph in the Statement of Material Fact and record citations.

**II. Discussion:**

14. In this case, MSHA and MSS have referenced all the necessary facts outlined in M.R. Civ. P. 56(j) and *Chase Home Fin.*, and properly supported those assertions with record citations that provide for those facts. Because this determination involves more going through a checklist than any analysis, this section will do little more than simply go through the *Chase Home Fin.* elements and provide citations.

15. The first element is the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address. This is provided in the Statement of Material Facts (S.M.F.), paragraphs 3, 8, and 10, and supported by Exhibits B and C.

16. The second element is properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage. This is provided in S.M.F. ¶¶ 9,10, and 11, and supported by Exhibit D.

17. The third element is a breach of condition in the mortgage. This is provided in S.M.F. ¶¶ 17, 18, and 19, and supported by Exhibit E.

18. The fourth element is the amount due on the mortgage note, including any reasonable attorney fees and court costs. This is provided in S.M.F. ¶¶ 9 and 19, and supported by Exhibits E and G.

19. The fifth element the order of priority and any amounts that may be due to other parties in interest, including any public utility easements. This is

provided for in S.M.F. ¶ 15, and supported by the affidavit of Bruce Hochman, ¶¶ 7,8, and 9.

20. The sixth element is evidence of a properly served notice of default and mortgagor's right to cure in compliance with statutory requirements. This is provided in S.M.F. ¶ 17, 18, and 19, and supported by Exhibit F.

21. The seventh element is proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules. This is provided for in S.M.F. ¶¶ 23, 24, and 25, and supported by the affidavit of Ryan DeRedin, ¶¶ 46, 47, and 48, and by this Court's June 10, 2019 Order Granting Plaintiff's Motion to Terminate Mediation (*Dow, J.).*

22. The eighth and final element is a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act. This is provided for in S.M.F. ¶ 32, and supported by the affidavit of Bruce Hochman, ¶ 17, which in turn is supported by thereto attached Exhibit A.

23. The one final point to make in this discussion is the role that the Rules of Evidence play. As the Law Court noted less than a decade ago, "[i]n a foreclosure case the relevant documents are often created by entities other than the foreclosing party. The supporting affidavits attempting to demonstrate that these records are admissible under the business records exception to the hearsay rule must comply with the requirements laid out by the Law Court in *Beneficial Maine, LLC v. Carter*, 2011 ME 77, 25 A.3d 96." *Bac Homes Loans Servicing v. Richards*, CV-No. RE-10-613, 2011 Me. Super. LEXIS 194, at *3, 4 (Dec. 7, 2011) (Wheeler, J.).

24. As is true of the other elements, MSHA and MSS have correctly followed the Law Court's requirements, as the custodian of records who provides this information, Mr. Ryan DeRedin and his affidavit, avoid many of the common problems where other banks have failed in foreclosure actions.

25. As the Law Court noted in *Beneficial Maine*, the affiant need not be an employee of the creator of the mortgage (in this case Regency). 2011 ME 77, ¶ 13. "In such instances, records will be admissible pursuant to the business records exception to the hearsay rule, M.R. Evid. 803(6), if the foundational evidence from the receiving entity's employee is adequate to demonstrate that the employee had sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information." *Id.*

26. The Law Court also noted that such an affiant must demonstrate knowledge about a number of aspects of the business, listing specifically: (1) the producer of the record at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business; (2) the producer of the record at issue employed regular business practices for transmitting them to the receiving business; (3) by manual or electronic processes, the receiving business integrated the records into its own records and maintained

them through regular business processes; (4) the record at issue was, in fact, among the receiving business's own records; and (5) the receiving business relied on these records in its day-to-day operations. *Id.* ¶ 14. The Plaintiff has done so.

27. Finally, because the admissibility of such records depends on the business records exception, "an affidavit of a custodian of business records must demonstrate that the affiant meets the requirements of M.R. Evid. 803(6) governing the admission of records of regularly conducted business. A business's records kept in the course of its regularly conducted business may be admissible notwithstanding the hearsay rule if the necessary foundation is established 'by the testimony of the custodian or other qualified witness.'" *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815 (quoting M.R. Evid. 803(6)).

28. "The foundation that the custodian or qualified witness must establish is four-fold: (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein; (2) the record was kept in the course of a regularly conducted business; (3) it was the regular practice of the business to make records of the type involved; and (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared." *Id.* (quoting *Bank of Am., N.A., v. Barr*, 2010 ME 124, ¶ 19, 9 A.3d 816).

29. On behalf of MSHA and MSS, Mr. DeRedin's affidavit seems to establish all of these necessary elements. His affidavit notes the regular practices of business keeping at MSS, notes his knowledge and understanding of the such record keeping, and indeed, takes care to note that the above-noted requirements are satisfied (in particular, ¶¶ 20 – 24 of his affidavit copy the language of M.R. Evid. 803(6)).

30. Thus, because MSHA and MSS retained a custodian of records that satisfies the requirements laid out in *Beneficial Maine* and *Murphy*, the records upon which the plaintiff relies fall squarely within the business records exception to the hearsay rule.

**III. Conclusion:**

31. Because MSHA established all of the 56(j) and *Chase Home Fin.* elements, and because there is no hearsay issue for the admissibility of MSHA's supporting records, the Court **grants** Plaintiff's motion for summary judgment.

The Clerk is directed to incorporate these Findings of Fact and Conclusions of Law by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 9/27/19

**BY** [signature]
**Robert E. Mullen, Deputy Chief Justice**

MAINE STATE HOUSING AUTHORITY - PLAINTIFF
353 WATER STREET
AUGUSTA ME 04330
Attorney for: MAINE STATE HOUSING AUTHORITY
BRUCE HOCHMAN - RETAINED 04/12/2019
EATON PEABODY
PO BOX 15235
100 MIDDLE STREET
PORTLAND ME 04112-5235

SUPERIOR COURT
FRANKLIN, ss.
Docket No FARSC-RE-2019-00003

9/27/19

**DOCKET RECORD**

SKIP
rec'd Jan 2021

Attorney for: MAINE STATE HOUSING AUTHORITY
MICAH A SMART - RETAINED 04/12/2019
EATON PEABODY
PO BOX 15235
100 MIDDLE STREET
PORTLAND ME 04112-5235

v.
REANA M LECOURS - DEFENDANT
209 ROUTE 2 WEST
WILTON ME 04294
THOMAS SULLIVAN - DEFENDANT
54 SWAMP ROAD
TEMPLE ME 04984
Attorney for: THOMAS SULLIVAN
BRUCE HOCHMAN - REMOVAL 06/25/2019
EATON PEABODY
PO BOX 15235
100 MIDDLE STREET
PORTLAND ME 04112-5235

Attorney for: THOMAS SULLIVAN
MICAH A SMART - REMOVAL 06/25/2019
EATON PEABODY
PO BOX 15235
100 MIDDLE STREET
PORTLAND ME 04112-5235

Alias: THOMAS SULLIVAN

Filing Document: COMPLAINT Minor Case Type: FORECLOSURE
Filing Date: 04/12/2019

## Docket Events:

04/12/2019 FILING DOCUMENT - COMPLAINT FILED ON 04/12/2019

04/12/2019 Party(s): THOMAS SULLIVAN
ATTORNEY - RETAINED ENTERED ON 04/12/2019

Defendant's Attorney: BRUCE HOCHMAN

04/12/2019 Party(s): MAINE STATE HOUSING AUTHORITY
ATTORNEY - APPOINTED ORDERED ON 04/12/2019