MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 57
Docket:        Was-22-75
Argued:        October 6, 2022
Decided:       November 17, 2022

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

FRANCIS JANUSZ et al.

v.

ERIC BACON[1]

STANFILL, C.J.

[¶1]  Eric Bacon appeals from a judgment of foreclosure and order of sale entered by the District Court (Calais, *Budd, J.*) in favor of Francis and Maryann Janusz on the Januszes' complaint for residential foreclosure.  Bacon argues the court erred in granting summary judgment to the Januszes because (1) they failed to establish each statutory requirement for summary judgment of foreclosure as outlined in M.R. Civ. P. 56(j), and (2) he was not served with the Januszes' motion for summary judgment and therefore could not file a

---

[1]  The Januszes filed an amended complaint purporting to add Maine Revenue Services as a defendant in this case.  Maine Revenue Services accepted service of the summons and complaint.  The Januszes filed the amended complaint after Bacon had filed his answer to the original complaint, however, and they failed to seek leave of court or Bacon's written consent to amend the complaint, as required by M.R. Civ. P. 15(a).  Thus, Maine Revenue Services has not been joined as a party to this action.  If the Januszes want to add Maine Revenue Services as a party, they should take appropriate action on remand.

2

response to it. We agree that there is a genuine issue of material fact as to whether the Januszes proved one of the statutory requirements of summary judgment of foreclosure, namely, that foreclosure mediation was completed. Accordingly, we vacate the summary judgment.

## I. BACKGROUND

[¶2] The Januszes own a promissory note and mortgage on Bacon's real property in Crawford. In October 2019 the Januszes sent Bacon a notice of default and right to cure regarding his default on the note. Two months later, the Januszes served Bacon with a summons and complaint, which they filed in the District Court in Calais on January 3, 2020. Representing himself, Bacon filed a timely answer and request for mediation. The case was then transferred from Calais to Ellsworth for the parties to participate in the Foreclosure Division Program (FDP).

[¶3] The parties' first and only FDP mediation was held on March 6, 2020. The mediator's report stated that the parties agreed to continue mediation and work together "to obtain [an] inspection and appraisal of the property in hope of resolving the issues." It further stated that the parties would participate in a second mediation on April 10, 2020. However, the report continued, if the Januszes' attorney notified the court that an inspection and

appraisal had not been completed by that date, mediation would be cancelled, and the report of March 6, 2020, would become final.

[¶4]  On March 6, 2020, the court issued the scheduling notice for the April 2020 mediation.  A week later, we issued an emergency order postponing indefinitely most in-person events in Maine courts because of the COVID-19 pandemic.  *See* Emergency Order and Notice from the Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19) at 1-2 (Mar. 13, 2020).  In accordance with that emergency order, the court continued the second mediation to an undetermined date after May 1, 2020.  The continuation notice to the parties instructed: "If your case has been scheduled for a hearing or conference, do not come to the court or call the court. . . . You will be notified by mail as soon as your case can be re-scheduled."

[¶5]  The case was transferred back to Calais.  Thereafter, mediation was not rescheduled for some time, presumably due to the COVID-19 pandemic and scheduling priorities.  Ultimately, on September 23, 2021, the case was again transferred to Ellsworth for a second FDP mediation.  No mediation was scheduled, and without explanation in the record, the case was transferred back to Calais on November 16, 2021.

4

[¶6]  On November 22, 2021, the Januszes filed a motion for summary judgment with supporting affidavits.  The parties agree that Bacon was not served with the motion, and therefore he did not file a response.  The court granted the Januszes' motion and entered a judgment of foreclosure and order of sale.[2]  Bacon timely appealed.  14 M.R.S. § 1901 (2022); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶7] Bacon first challenges the court's entry of summary judgment on the ground that the Januszes did not establish each of the statutory requirements necessary to obtain summary judgment in a foreclosure action as outlined in M.R. Civ. P. 56(j).  We review the evidence in the summary judgment record in the light most favorable to Bacon to determine, de novo, whether there is any genuine dispute of material fact and whether the Januszes are entitled to a judgment as a matter of law.  *See* M.R. Civ. P. 56(c); *HSBC Bank USA, N.A. v. Gabay*,

---

[2] The foreclosure judgment in this case directed the clerk "to enter this Order as a final judgment pursuant to [M.R. Civ. P. 54(b)(1)]" but did not say that the order was made upon an express determination that there was no just reason for delay, which is a determination required to convert what would otherwise be an interlocutory partial judgment into an appealable final judgment.  As we have previously determined, however, a foreclosure judgment is a final judgment.  *See Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 14, 948 A.2d 1251 (concluding that a summary judgment of foreclosure is a final judgment absent any remaining claims or a trial court finding that attorney fees must be fixed before appeal).  Therefore, although the language in this judgment would be ineffective to provide finality, it was surplusage because the foreclosure judgment was a final judgment.

2011 ME 101, ¶ 8, 28 A.3d 1158; *Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96.

[¶8] "We have repeatedly noted the importance of applying the summary judgment rules strictly in the context of mortgage foreclosures." *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158. Where, as here, the nonmoving party does not submit an opposing statement of material facts, the moving party's statement of material facts is deemed admitted if, and only if, the moving party's statement is properly supported by record references. *See Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 12, 144 A.3d 1178; M.R. Civ. P. 56(h)(4). The moving party has the burden to properly put the "material facts before the court, or the motion [cannot] be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015 (quotation marks omitted).

[¶9] To obtain a summary judgment of foreclosure, the moving party must show that all steps mandated by statute have been strictly performed. *Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251; *see* M.R. Civ. P. 56(j). If the moving party fails to establish compliance with each requirement, summary judgment is precluded. *See Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251. When a case is in the FDP, one statutory requirement that must

6

be established by the movant is completion of mediation. *See* 14 M.R.S. § 6321-A(9), (13) (2022).

[¶10] When requested, mediation through the FDP is required in mortgage foreclosure actions "on owner-occupied residential property with no more than 4 units that is the primary residence of the owner-occupant." *Id.* § 6321-A(3), (6). Moreover, for foreclosure complaints "scheduled for mediation in accordance with [section 6321-A], a final judgment may not issue until a mediator's report has been completed pursuant to subsection 13." *Id.* § 6321-A(9).[3] The statutory requirements for the FDP, including mediation, are implemented through M.R. Civ. P. 93. The court may not enter a summary judgment or a default judgment of foreclosure in a case that is in the FDP absent a determination that mediation has been completed. M.R. Civ. P. 55(b)(3), 56(j).[4]

---

[3] Among other requirements, the mediator's report must "include a statement of all agreements reached at mediation, with sufficient specificity to put all parties on notice of their obligations under agreements reached at mediation, including but not limited to a description of all documents that must be completed and provided pursuant to the agreements reached at mediation and the time frame during which all actions are required to be taken by the parties." 14 M.R.S. § 6321-A(13) (2022).

[4] M.R. Civ. P. 56(j) provides:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage

[¶11]  Here, the case entered the FDP, and mediation was held upon Bacon's request.  Bacon contends that the Januszes did not prove that mediation was completed, as required by statute.  The Januszes' statement of material facts provides that the parties "have engaged in court-sponsored mediation as part of this foreclosure case, but have failed to achieve a resolution of the case."  In support, they cite only to Francis Janusz's affidavit, which states the same.  This statement does not prove that mediation was *completed* but simply that the parties "engaged in" mediation and failed to achieve a resolution.

[¶12]  And, indeed, the court record makes clear that mediation was *not* completed.  Although the trial court "is neither required nor permitted to independently search a record to find support for facts offered by a party," *Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158 (quotation marks omitted), the trial court has an independent obligation to ensure compliance with the rules for a summary judgment of foreclosure, *see* M.R. Civ. P. 56(j) Advisory Note – August 2009.  Rule 56(j) specifically requires that the court "determin[e]" that

---

note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.  In actions in which mediation is mandatory, has not been waived, and the defendant has appeared, the defendant's opposition pursuant to Rule 56(c) to a motion for summary judgment shall not be due any sooner than ten (10) days following the filing of the mediator's report.

8

mediation has been completed or waived.  M.R. Civ. P. 56(j).  Although the mediator's report was not included in the summary judgment record, a review of the report and docket record makes clear that mediation was not completed. The mediator's report states:

> A second mediation shall be scheduled for April 10, 2020 in Ellsworth.  If [plaintiffs' attorney] notifies court that inspection and appraisal have not been completed by that date, this shall become a final report, (the second mediation shall be cancelled) and case shall return to docket.

The report would have become final only if the Januszes' attorney had notified the court that the inspection and appraisal were not completed by April 10, 2020.  No such notification appears in the court record and, indeed, the Januszes' attorney conceded at oral argument that he did not make such a notification.  The second mediation had been continued by the court, not cancelled.  Thus, it is apparent from the court record that mediation had not been completed, and the entry of summary judgment was error.

[¶13]  Bacon also argues that vacatur is required because he was not served with the motion for summary judgment.[5]  Because the Januszes failed to

---

[5] Counsel for the Januszes notified the District Court that the motion had not been sent to Bacon because he did not have a current mailing address.  In fact, a staff member for the same attorney had previously notified the court of Bacon's new address, the same address to which the court sent, and at which Bacon received, a copy of the foreclosure judgment.

establish that they were entitled to a summary judgment of foreclosure and we accordingly vacate the judgment, we need not address the consequence of the lack of notice of the motion.

The entry is:

> Judgment vacated. Remanded for further
> proceedings consistent with this opinion.

---

Jonathan E. Selkowitz, Esq. (orally), Pine Tree Legal Assistance, Inc., Portland, for appellant Eric Bacon

William N. Palmer, Esq. (orally), Gray & Palmer, Bangor, for appellees Francis and Maryann Janusz

Calais District Court docket number RE-2020-01
FOR CLERK REFERENCE ONLY